UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE ROAD DAWGS MOTORCYCLE CLUB OF
THE UNITED STATES, INC.; NEW YORK
ROAD DAWGS MOTORCYCLE CLUB, INC.;
MASSACHUSETTS ROAD DAWGS, INC.; and
RICHARD E. DOWNEY,                                              5:05-CV-0966
                            Plaintiffs,                                    (GTS/DEP)

v.

"CUSE" ROAD DAWGS, INC.; and JOHN
DOES 1-XX,
                            Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

MARJAMA MULDOON BLASIAK & SULLIVAN LLP           JAMES R. MULDOON, ESQ.
  Counsel for Plaintiffs                                        ROBERT E. RIGBY, JR., ESQ.
250 South Clinton Street, Suite 300
Syracuse, New York 13202

CARROLL & CARROLL LAWYERS, P.C.                     WOODRUFF L. CARROLL, ESQ.
  Counsel for Defendants
441 South Salina Street
Syracuse, New York 13202

HON. GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently pending before the Court in this trademark infringement action is Defendants' motion for stay (Dkt No. 28) pending appeal of the injunctive relief granted by the Court in its Second Amended Decision and Order of December 30, 2009. (Dkt No. 36) Familiarity with that Decision and Order, as well as the grounds for Defendants' motion for stay pending appeal, is assumed in this Decision and Order, which is intended primarily for review of the parties.

As an initial matter, Rule 62(a) of the Federal Rules of Civil Procedure permits a stay pursuant to a court order "after . . . entry [of final judgment] and until an appeal is taken." Fed. R. Civ. P. 62(a). Therefore, although Defendants have not yet filed a notice of appeal, the Court will consider Defendants' motion for stay pending appeal. *See, e.g., Empresa Cubana del Tabaco v. Culbro Corp.*, 97-CV-8399, 2004 WL 925615, at *1 (S.D.N.Y. Apr. 30, 2004) ("General Cigar's motion for a stay is technically premature because no judgment has been entered and no notice of appeal been filed. However, in light of the imminent filing of the entry of final judgment and the representations of both parties of their intent to appeal, the motion for stay pending appeal will be considered.").

After carefully considering the matter, the Court denies Defendants' motion for stay pending appeal for the reasons stated in Plaintiffs' opposition papers. (Dkt. No. 34) The Court would only add that, based on Defendants' papers in support of their motion for stay pending appeal, Defendants have failed to make a strong showing that they are likely to succeed on the merits, and have not specified how they will be irreparably injured absent a stay. Defendants' motion papers argue that Defendants' removal of the words "Road Dawgs" from their apparel, buildings, motorcycles, etc., requires "changes [that] are irreparable *without substantial expense*." (Dkt. No. 28.) (emphasis added). However, these damages, which are compensable monetarily, do not constitute irreparable injury. *See Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*, 00-CV-8029, 2004 WL 306591, at *2 (S.D.N.Y. Feb. 17, 2004) ("Irreparable harm is harm not readily remediable monetarily."); *see also EEOC v. Local 638*, 71-CV-2877, 1995 U.S. Dist. LEXIS 7756, at *5 (S.D.N.Y. June 7, 1995) ("[I]rreparable injury means the kind of injury for which money cannot compensate").

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for stay pending appeal (Dkt. No. 28) is **DENIED**.

Dated: December 31, 2009
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge